IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| XPAYS, INC. | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-CV-00928 |
| | ) | |
| DOES 1-34. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
|    *Defendants*. | ) | |
| _____ | ) | |

**PROTECTIVE ORDER**

At the Hearing on August 30, 2012, the Court requested Plaintiff to provide a Proposed Protective Order to define the scope and parameters of the requested expedited discovery.

WHEREFORE:

IT IS ORDERED that Plaintiff's Ex Parte Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Docket No. 3) is granted;

IT IS FURTHER ORDERED that, subject to the protective order set out herein, XPAYS, Inc. may by September 11, 2012, immediately serve a Rule 45 subpoena on the ISPs listed in Exhibit A to the Complaint to obtain information to identify Does 1-34, specifically his or her name, address, MAC address, and email address. The disclosure of this information is consistent with the ISPs' obligations under the Cable Service Privacy Act, 47 U.S.C. § 551(c)(2)(B), which provides:

> (2)    A cable operator may disclose [personally identifiable] information if the disclosure is
> …
>    (B)    subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

1

The subpoena shall have a copy of this order attached;

IT IS FURTHER ORDERED that the ISP will have until November 13, 2012 to serve Does 1-34 with a copy of the subpoena and a copy of this order. The ISPs may serve Doe 1-34 using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service;

IT IS FURTHER ORDERED that Does 1-34 shall have until December 12, 2012 to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.

After December 12, 2012, the Court will review all motions filed by the ISPs and/or Doe Defendants, and will issue an order as to whether any Doe defendant's identifying information should be turned over to XPays, Inc.  **No information shall be provided to the Plaintiff until further Order of this Court.**

IT IS FURTHER ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or other similarly styled motion.

IT IS FURTHER ORDERED that, to maximize judicial efficiency, the Court will delay ruling on all Doe motions to quash, motions for protective order, motions to dismiss, motion to sever, or similarly styled motions seeking similar relief filed until all such motions have been filed. All such motions should be filed by December 12, 2012.

IT IS FURTHER ORDERED that counsel for plaintiff will file a single opposition to all motions to quash, motions for protective order, motions to dismiss, motion to sever, or similarly styled motions seeking similar relief filed.  Plaintiff's opposition is due January 9, 2013.

IT IS FURTHER ORDERED that any John Doe who has filed a motion to quash, motion for protective order, motion to dismiss, motion to sever, or similarly styled motion seeking similar relief, if they so choose, can file a reply by January 23, 2012.

IT IS FURTHER ORDERED that an ISP that receives a subpoena pursuant to this order shall confer with XPays, Inc. and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

IT IS FURTHER ORDERED that XPays, Inc. shall serve a copy of this Opinion and Order along with any subpoenas issued pursuant to this order to the listed ISPs.

IT IS FURTHER ORDERED that any information ultimately disclosed to XPays, Inc. in response to a Rule 45 subpoena may be used by XPays, Inc. solely for the purpose of protecting, investigating and resolving XPays' rights as set forth in its complaint.

DATED: September 5, 2012            By:*Stephen C. Williams*
                                       United States Magistrate Judge