IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| X-PAYS, INC., | ) | |
| | ) | |
|        Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  12-cv-928-JPG-SCW |
| | ) | |
| DOES 1-34, | ) | |
| | ) | |
|        Defendants. | ) | |

### REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

#### I.     Introduction

This matter is before the Court on Defendant John Doe 19's Objection to Disclosure of Identity (Doc. 21) and Defendant John Doe 23's Motion to Dismiss or Sever for Misjoinder and Motion to Quash Subpoena (Doc. 24).[1]  Plaintiff has filed a consolidated Response (Doc. 31) in opposition to Defendants' motions.  The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a).  It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** John Doe 23's motion to dismiss or sever (Doc. 24), and **SEVER** and **DISMISS without prejudice** Plaintiff's claims against John Does 2-34 for misjoinder.

#### II.    Findings of Fact

Plaintiff X-Pays filed its Complaint on August 20, 2012 alleging that certain unknown individuals unlawfully reproduced and distributed Plaintiff's copyrighted motion picture by means of the "peer to peer" ("P2P") file transfer technology protocol called BitTorrent (Doc. 2 at ¶ 4).  A

---

[1] This excludes John Doe 31 as Plaintiff has already sought and been granted dismissal of its claims against John Doe 31.

BitTorrent is a P2P network which allows parties to transfer files over the internet. Using BitTorrent, internet users can: (1) make files stored on each user's computer available for copying by other users, (2) search for files stored on other user's computers, and (3) transfer copies of files from one computer to another over the internet (*Id.* at ¶ 8). Through the BitTorrent system, Plaintiff alleges that Defendants copied and transferred Plaintiff's copyrighted motion picture without Plaintiff's authorization.

Plaintiff explains how the BitTorrent system works in its motion for expedited discovery (Doc. 5). BitTorrent is a form of "peer-to-peer" (hereinafter "P2P") network which allows users to share files from one computer to another. A P2P process begins when an initial provider elects to share a file, a process called "seeding". Other users (called "peers") then connect to the seed file to download (*Id.*). Whereas older P2P systems required that a user connect to the host of the file to obtain the whole file, BitTorrent is a unique type of P2P system which allows peers to receive a portion of the whole file from other users by joining a "swarm" (*Id.*). *See also Malibu Media v. Reynolds*, **Case No. 12 C 6672, 2013 WL 870618, at \* 1-2 (N.D. Ill. March 7, 2013) (Kendall, J.).**[2] Thus, peers receive a portion or pieces of the larger file from other peers simultaneously to form one whole copy of the file.

The BitTorrent protocol works in the following way. A swarm is comprised of peers who are either "leechers" or "seeders". **Annemarie Bridy, Article,** *Is Online Copyright Enforcement Scalable?,* **13 Vand. J. Ent. & Tech. L. 695, 701 (2011).** Leechers are peers who are in the process of downloading a file while seeders are those peers who have already obtained the file and remain in the swarm to provide pieces of the file to other leechers. *Id.* When the original seeder

---

[2] Much of the factual background presented in this Report on how the BitTorrent system works is taken from Judge Kendall's recent opinion. Judge Kendall's opinion is well researched and thoroughly explains the BitTorrent system.

uploads a file onto the system, the program takes the larger file and divides it into segments called "pieces". *Malibu Media*, **Case No. 12 C 6672, 2013 WL 870618, at * 2.** The program than assigns each piece a unique identifier called a "hash identifier". *Id.* Once uploaded, other peers may download and upload pieces of the file by linking to the torrent site. BitTorrent allows users to receive small pieces of the larger file from several other peers simultaneously. In order to ensure that the peers receives all of the pieces which make the whole file, the hash identifier for each piece is compared to hash identifier for that piece. *Id.* As the peer receives pieces of the seed file, the BitTorrent forces every downloading peer to also act as an uploader of those pieces it has downloaded for other peers in the swarm. *Id.;* **Sean B. Karunaratne***, The Case Again Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits,* **111 Mich. L. Rev. 283 (2012).** However, the peer is only forced to upload to other users while he remains connected to the swarm. *Malibu Media,* **Case No. 12 C 6672, 2013 WL 870618, at *2**. A peer can avoid participating in future uploads to other peers by disconnecting from the swarm once he has downloaded the entire file. *Id.* Once an upload is complete, the system rearranges the various pieces resulting in one complete copy of the downloaded file. *Id.* **at *3.**

      Upon filing Plaintiff's Complaint, Plaintiff sought leave to conduct discovery prior to the Court holding a Federal Rule of Civil Procedure 26(f) conference (Doc. 3). Plaintiff sought to conduct this early *ex parte* discovery in order to identify the true identities of John Doe Defendants (*Id.*). Plaintiff informed the Court that the only information Plaintiff had to identify the Defendants was their IP addresses. Thus, in order to obtain Defendants' true identities, Plaintiff sought leave to conduct limited discovery from non-party Internet Service Providers in order to obtain the identities of the individuals assigned to the at issue IP addresses (Doc. 5).

      The Court granted Plaintiff's motion (Doc. 14) but limited the scope of the discovery

Plaintiff conducted. Specifically, the Court issued a Protective Order allowing Plaintiff to serve the Internet Service Providers with Rule 45 subpoenas in order to obtain identifying information on the IP addresses. After identifying the John Does, the Internet Service Providers would serve each John Doe with a copy of the subpoena and the Court's order, at which time the John Doe Defendants would be given time to file any motions contesting the issuance of the subpoenas as well as any request to remain anonymous during the pendency of this case (*Id.*).

In response to the subpoenas, three John Doe Defendants filed motions regarding the subpoenas. John Doe 19 filed an Objection to the disclosure of her identity on numerous grounds (Doc. 21). Further, John Doe 23 filed a separate motion to dismiss (Docs. 24) arguing that the Protective Order was issued under 47 U.S.C. §551(c)(2)(B) which does not apply to Internet Service Providers and that they were improperly joined. Plaintiff filed a joint response to Defendants' motions (Doc. 31).

### III. Conclusions of Law

Defendants 19 and 23 have brought motions to either quash the third-party subpoenas issued to the Internet Service Providers, to dismiss and sever their claims for misjoinder, and/or to proceed in this case anonymously.

**A.    Misjoinder**

The undersigned first takes up the matter of improper joinder. Defendant 23 argues that Plaintiff's subpoena should be quashed and the claims against him dismissed because he has been improperly joined in this case. Specifically, Defendant argues that Plaintiff cannot establish that their actions arose out of the same transaction or series of transaction because each Defendant's infringing activity in the swarm was conducted in separate transactions over several days and months.

Defendants may be joined in a single case if: "(A) any right to relief is asserted against

them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." **FED.R.CIV.P. 20(a)(2).** Joinder promotes judicial economy. *Elmore v. Henderson*, **227 F.3d 1009, 1012 (7th Cir. 2000).** "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, **383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).** Misjoinder occurs when a plaintiff fails to satisfy either of the requirements under Rule 20. The trial court enjoys wide discretion in determining whether or not to join parties and a trial court may consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness" including whether joinder would create prejudice, expense, or delay. *Chavez v. Illinois State Police*, **251 F.3d 612, 632 (7th Cir. 2001) (quoting** *Intercon Research Assoc., Ltd. v. Dresser Indus., Inc.,* **696 F.2d 53, 58 (7th Cir. 1982); CHARLES ALAN WRIGHT, ET AL., 7 FEDERAL PRACTICE AND PROCEDURE § 1652 at 396 (2001)).** Under Federal Rule of Civil Procedure 21, the court may sever or drop a party from a case for misjoinder. The district court is also provided with wide discretion under Rule 21. *Rice v. Sunrise Express, Inc.,* **209 F.3d 1008, 1016 (7th Cir. 2000).**

The undersigned is presented here with the issue of whether defendant may be joined in a single suit where they participated in a BitTorrent swarm without a showing that the Defendants accessed the swarm at the same time. No Circuit Court has had reason to address the issue and District courts throughout this country are split on the issue. Indeed as Plaintiff notes, courts within the same district are split on the matter. *Compare Malibur Media, LLC v. Reynolds*, **2013 WL 870618, at * 8-16 (N.D. Ill. May7, 2013)(Kendall, J.) (finding joinder improper when there was no allegations that Defendants accessed swarm at the same time);** *Malibu Media, LLC v.*

*John Does 1-21*, 12 C 9656, 2013 WL 2458290, at *5-7 (N.D. Ill. June 6, 2013) (Reinhard, J.) (same); *Zambezia Film (PTY) Ltd. v. Does 1-33*, Nos. 13 C 1323, 13 C 1741, 2013 WL 1181587, at * 1-2 (N.D. Ill. Mar. 20, 2013) (Shadur, J.) (same); *Malibu Media, LLC v. John Does 1-33*, (N.D. Ill. Dec. 12, 2012) (same); *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at * 11-13 (E.D.N.Y. May 1, 2012) (Brown, J.) (same); *with Malibu Media, LLC v. John Does*, Case No. 12-CV-263, 287 F.R.D. 513, 520-21 (N.D. Ind. Dec. 10, 2012) (Cosbey, J.)(finding allegations sufficiently alleged a series of transactions under Rule 20(a)); *Sunlust Pictures LLC v. John Does 1-75*, 12 C 1546, 2012 WL 3717768, at * 2-3 (N.D. Ill. August 27, 2012) (Tharp, Jr., J.) (same); *Pac. Century Int'l v. Does 1-31*, No. 11 C 9064, 2012 WL 2129003, at * 2-3 (N.D. Ill. June 12, 2012) (Leinenweber, J.) (same); *Hard Drive Prods., Inc. v. Does 1-55*, No. 11 C. 2798, 2011 WL 4889094, at * 5 (N.D. Ill. Oct. 11, 2011) (Darrah, J.)(same); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 244, at *5 (S.D.N.Y. June 30, 2012)(Nathan, J.); *Raw Films, Ltd. v. John Does 1-15*, No. 11-7248, 2012 WL 1019067, at *2-4 (E.D. Pa. Mar. 26, 2012) (McLaughlin, J.).

Most recently a number of courts in the Northern District of Illinois have determined that joinder is inappropriate under **Rule 20(a)** unless plaintiffs have pled facts sufficient to show that defendants were not only a party to the same swarm, but were part of the same swarm at the same time as one another. *See Zambezia Film (PTY) LTD.*, 13 C 1323, 13 C 1741, 2013 WL 1181587, at *1-2 (N.D. Ill. March 20, 2013) (Ahadur, J.); *Malibu Media, LLC*, 12 C 9656, 2013 WL 2458290, at *5-7 (N.D. Ill. June 6, 2013) (Reinhard, J.); *Malibu Media*, LLC, 12 C 6672, 2013 WL 870618, at *8-16. In *Malibu Media, LLC*, 12 C 6672, 2013 WL 870618, at * 10-11, Judge Virginia M. Kendall noted that the finding of many courts, that participation in a swarm is insufficient under Rule 20 unless there is a showing that the defendants were in the same swarm at the same time, reflects a complete

understanding of the workings of the BitTorrent system. *Id.* **(collecting cases).** In Judge Kendall's well-reasoned and thoroughly researched opinion, the court determined that it could not be concluded:

> that anonymous defendants who download copies of the same file from the same swarm are engaged in a common transaction... [Based on the setup of the BitTorrent system], [w]here a swarm continues to exist for an extended period of time, it is improbable that defendants entering a swarm weeks or months apart actually exchange pieces of data with each other. Furthermore, it is impossible for defendants who are not in a swarm coextensively to exchange any pieces of a file.

*Id.* **2013 WL 870618, at \*11.**[3] While Plaintiff urges the Court to adopt the opposite view held by some courts that defendants' activities in a swarm are part of the same transaction or series of transactions without direct interaction among the defendants, the undersigned is not persuaded by Plaintiff's argument and rather agrees with the position of many recent courts that defendants are not part of the same transaction unless plaintiff can plead facts sufficient to show that the defendants were not only part of the same swarm, but rather were part of the same swarm at the same time as one another.

Even if the defendants are acting in the same swarm, it does not follow that they are exchanging pieces of data with each of the other defendants. For instance, Plaintiff's exhibit to its

---

[3] A note published in the Michigan Law Review in November 2012 explains this position in a simplified example:
> [I]magine a swarm developed around a file seeded by A. On Day 1, B, C, and D enter that swarm with A and help each other acquire the file by exchanging pieces of the file with one another. Their exchange can fairly be called the same "series of transactions" for the purposes of Rule 20. Now, after the exchange, assume all four stay plugged into the swarm through Day 2, uploading pieces of the file to any other users who enter into the swarm. On Day 3, B, C, and D disconnect. The next day, E, F, and G enter the swarm with A. Since the swarm develops around the file, E, F, and G are part of the same swarm that A, B, and C were in. However, now the file exchange is occurring between A, E, F, and G. By contrast, B, C, and D have no involvement with the second exchange because they left the swarm. Given that B, C, and D were not and could not be sources for E, F, and G, the former group's acquisition of the file was a wholly separate series of transactions from the latter's.

**Sean B. Karunaratne, Note, The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits, 111 Mich. L. Rev. 283, 295 (Nov. 2012).**

Complaint reflecting swarm activity indicates that their investigator downloaded pieces of the at issue film from John Doe 23 on July 1, 2012 at 7:39. However, while this suggests that John Doe 23 was in the swarm on that specific date and time and acting in concert with other users at that time, it does not follow that he was engaged in the same transaction or series of transactions as John Doe 1 or John Doe 31, who were in the swarm on April 18, 2012 and August 2, 2012, respectively. As Judge Kendall noted, without showing that John Doe 23 was in the swarm after his "hit date", Plaintiff cannot maintain that John Doe 23 was in the swarm with other Defendants who arrived in the swarm later. *See Malibu Media*, **2013 WL 870618, at \*12.** There is simply nothing to suggest that any of the other Defendants exchanged pieces of data with John Doe 23 or any other Defendant.

Plaintiff has not demonstrated that all of the John Does were acting in concert with each other. Its Complaint, using John Doe 22 (who is not a party to these motions) as an example, alleges that once John Doe 22 obtained the torrent file in the swarm, the protocol "initiate[d] simultaneous connections with hundreds of other users processing and 'sharing' copies of the film, including…other identified John Doe Defendants." (Doc. 2 at ¶ 10). Plaintiff alleges that this was done because as the film was copied on to John Doe 22's computer, the downloaded pieces were available to all Defendants. (*Id.* at ¶ 10). Plaintiff analogizes John Doe 22's activity to the rest of the John Does indicating that as they each uploaded the film, the "downloaded pieces were immediately available to other users." (*Id.* at ¶ 11). While Plaintiff's Complaint alleges that Defendants shared copies of the film with other identified John Doe Defendants, read in conjunction with their exhibits, Plaintiff has only shown that Defendants were in the same swarm and downloaded the same film, not that they were downloading the film at the same time or from other Defendants, as the hit dates were days and months apart. There is nothing to suggest that the Defendants downloaded pieces of the film from *any* of the other Defendants. Thus, Plaintiff's pled facts only allege that each individual

defendant at separate times used the same internet program to access the same internet file and their computers then transferred data using BitTorrent, on separate occasions, with the same person, i.e. Plaintiff's investigator. But it cannot be said that Defendants acted in concert as the data "hits" occurred at different times.

As stated earlier, the exhibit submitted by Plaintiff reflects that none of the "hit dates" of the John Does occurred at the same time and many of them did not even occur on the same day. The activity of the various John Does ranges from April 8, 2012 to August 2, 2012. Further, John Doe 22's hit date occurred on June 16, 2012, while John Doe 23's hit date did not occur until July 1, 2012. Other courts have rejected joinder for defendants who participated in swarms which were comprised of much smaller time frames. *See Malibu Media, LLC*, **2013 WL 2458290, at * 6 (Misjoinder found where the time frame from the first and last downloads by defendants occurred 48 days apart).** Thus, the undersigned finds that Plaintiff has not shown that the John Does' activities arose out of the same transaction, occurrence, or series of transactions or occurrences.

Accordingly, because the undersigned finds that Plaintiff has failed to establish the first prong of joinder under Rule 20(a), joinder among the John Doe Defendants in this case is improper. As John Doe Defendants were improperly joined, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant 23's motion to dismiss and **DISMISS** John Does 2-34 from this case for improper joinder **without prejudice** with leave for Plaintiff to file separate actions against each John Doe, should Plaintiff choose to proceed against the other John Does. Thus, the only John Doe which will remain in this case will be John Doe 1. It is further **RECOMMENDED** that all other motions filed by John Doe Defendants other than John Doe 1 be **DENIED AS MOOT** in light of their dismissal from the case. It is also **RECOMMENDED** that, in light of the dismissal of John Does 2-34, the subpoenas issued to the Internet Service Providers by Plaintiff related to those Defendants

be **QUASHED**.

**B.     John Doe 1**

As the other Defendants have been improperly joined and thus dismissed, the only Defendant remaining in this case is John Doe 1. The undersigned notes that John Doe 1 has not entered his appearance, nor has he filed an objection to the subpoena issued by Plaintiff. As such, the undersigned **RECOMMENDS** that a protective order be issued, allowing John Doe 1 to proceed anonymously until such time as he enters his appearance. Should a protective order be entered, John Doe 1 would be granted leave upon the entering of his appearance to file a motion requesting to proceed further in this case anonymously, which the Court would then consider after the matter is fully briefed. The undersigned believes that allowing John Doe 1 to proceed anonymously at this time is proper given the potential risk of injury to Defendant's reputation due to the fact that the case involves allegations of copying obscene pornographic materials. Other courts have found a protective order proper also, to protect defendants against abusive settlement tactics. *See Sunlust Pictures*, **LLC, 2012 WL 3717768, at *5 ("Judges within this district have recognized that plaintiffs in these types of cases might unfairly threaten to disclose defendants' identities in order to improperly leverage settlement negotiations.").**

### IV.     Conclusion

In conclusion, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff has improperly joined the Defendants in this case and **RECOMMENDS** that Defendant 23's motion to dismiss and sever be **GRANTED** and John Does 2-34 be **DISMISSED without prejudice** with leave **GRANTED** for Plaintiff to file separate claims against each John Doe. Thus, the only claims which will remain in this case will be the claims against John Doe 1. As to John Doe 1, the undersigned **RECOMMENDS** that a protective order be **GRANTED** allowing John Doe 1 to

proceed at the present time anonymously.   Additionally, should this Report and Recommendation be accepted, the Internet Service Provider as to John Doe 1 is **DIRECTED** to provide the subpoenaed information as to John Doe 1.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals**.**  *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).**   Accordingly, Objections to this Report and Recommendation must be filed on or before **July 8, 2013**.

**IT IS SO ORDERED**.
DATED: June 17, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge